UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON JONES, | Case No. 1:19CV1429 |
| Petitioner, | JUDGE JEFFREY J. HELMICK |
| | Magistrate Judge George J. Limbert |
| v. | |
| WARDEN SEAN BOWERMAN, | |
| | **REPORT AND RECOMMENDATION** |
| | **OF MAGISTRATE JUDGE** |
| Respondent. | |

On June 12, 2019, Petitioner Brandon Jones ("Petitioner") executed his federal habeas corpus petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed in this Court on June 20, 2019. ECF Dkt. #1. Petitioner is seeking relief for alleged constitutional violations that occurred in conjunction with his Cuyahoga County, Ohio Court of Common Pleas convictions for aggravated murder with a firearm specification, murder with a firearm specification, two counts of felonious assault with firearm specifications, improperly handling firearms in a motor vehicle, and two counts of having weapons while under disability. ECF Dkt. #5-1 at 68. On September 6, 2019, Respondent Sean Bowerman, Warden of the Toledo Correctional Institution ("Respondent") where Petitioner is housed, filed a motion to dismiss Petitioner's instant § 2254 federal habeas corpus petition as untimely filed. ECF Dkt. #5. On September 27, 2019, Petitioner filed a response to the motion to dismiss, although he captioned it as a reply to the motion. ECF Dkt. #6.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss Petitioner's § 2254 federal habeas corpus petition as untimely filed (ECF Dkt. #5) and DISMISS Petitioner's instant § 2254 federal habeas corpus petition in its entirety with prejudice.

**I.    RELEVANT PROCEDURAL HISTORY**

   **A.    State Trial Court**

On June 9, 2014, the Cuyahoga County Grand Jury indicted Petitioner for: aggravated

murder in violation of Ohio Revised Code ("ORC") § 2903.01(A) with a one-year and a three-year firearm specification; murder in violation of ORC § 2903.02(B) with a one-year and a three-year firarem specification; one count of felonious assault in violation of ORC § 2903.11(A)(1) with one-year and three-year firearm specifications; one count of felonious assault in violation of ORC § 2903.11(A)(2) with one-year and three-year firearm specifications; improperly handling firearms in a motor vehicle in violation of ORC § 2923.16(B); having weapons under disability in violation of ORC § 2923.13(A)(3); and having weapons under disability in violation of ORC § 2923.(A)(2). ECF Dkt. #5-1 at 1-13.

On October 17, 2014, Petitioner, through counsel, filed motions in the trial court to suppress all evidence from video surveillance and all evidence seized from the motor vehicle. ECF Dkt. #5-1 at 16-31. On October 20, 2014, Petitioner, through counsel, filed a motion in the trial court to suppress and exclude photo arrays and the subsequent identification of Petitioner. *Id.* at 32-38. The State of Ohio filed briefs in opposition to Petitioner's motions. *Id*. at 39-56.

On October 30, 2014, the trial court issued journal entries denying all of Petitioner's motions to suppress. ECF Dkt. #5-1 at 57-59. On October 27, 2014, Petitioner, through counsel, filed a written waiver of his right to a jury trial regarding the weapons under disability counts of the Indictment. ECF Dkt. #5-1 at 65-66.

On November 13, 2014, the trial court issued a journal entry indicating that it was day 7 of the jury trial, the State of Ohio presented its case and rested, Petitioner made a motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure, and the court denied it. ECF Dkt. #5-1 at 67. The entry further indicated that Petitioner presented no witnesses, rested his case, and again raised a Rule 29 motion, which the court denied. *Id*. The court thereafter charged the jury. *Id*.

On November 17, 2014, the trial court issued a journal entry indicating that the jury found Petitioner guilty on all counts on which he was indicted and the firearm specifications accompanying the aggravated murder, murder, and felonious assault charges. ECF Dkt. #5-1 at 68. The court found Petitioner guilty of the having weapons while under disability charges. *Id*. On November 25, 2014, the court sentenced Petitioner to life in prison with parole eligibility after serving a total of 33 years. *Id*. at 69.

On November 26, 2014, Petitioner, through counsel, filed a motion for a new trial in the trial court. ECF Dkt. #5-1 at 72. The State of Ohio opposed the motion on January 30, 2015, asserting that the trial court was without jurisdiction to consider the motion because of the appeal that Petitioner had filed with the Eighth District Court of Appeals on December 9, 2014. *Id.* at 79-82.

### B.   Direct Appeal

On December 9, 2014, Petitioner, through new counsel, filed a notice of appeal in the Ohio Eighth District Court of Appeals and submitted a brief asserting the following assignments of error:

1. The trial court erred and abused its discretion in the admission of hearsay evidence and testimonial statements prejudicial to Appellant thereby depriving him of his right to confront his accusers, guaranteed by the Sixth Amendment of the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

2. The trial court erred in depriving Appellant of his right to due process and right to a fair trial by entering a judgment of conviction which was against the manifest weight of the evidence, in violation of the Fourteenth Amendment of the United States Constitution and Article 1, Section 16 of the Ohio Constitution.

3. The jury's affirmative finding that Appellant committed the offenses is not supported by evidence sufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

4. Appellant's trial counsel rendered ineffective assistance of counsel because his performance was deficient, and that deficient performance prejudiced Appellant so as to deprive him of his right to due process and right to a fair trial.

5. The trial court erred when it denied all of Appellant's suppression motions, thereby denying him of his right to due process and right to a fair trial, in violation of the Fourth and Fourteenth Amendments of the United States Constitution ,and Article 1, Section 14 of the Ohio Constitution.

6. The trial court erred when it denied Appellant's motion for mistrial.

7. The trial court erred when it entered the guilty verdicts despite the cumulative errors in the trial.

ECF Dkt. #5-1 at 89-131. The State of Ohio filed an appellate brief on June 5, 2015, and Petitioner filed a reply brief on June 30, 2015. *Id.* at 132-167. On November 12, 2015, the Eighth District Court of Appeals issued an opinion affirming the trial court's conviction and sentence. ECF Dkt. #5-1 at 168-204.

On December 23, 2015, Petitioner, pro se, filed a notice of appeal to the Ohio Supreme Court. ECF Dkt. #5-1 at 205-206. He filed a memorandum in support of jurisdiction asserting the following propositions of law:

1. Did the trial court err and abuse its discretion in the admission of hearsay evidence and testimonial statements prejudicial to appellant thereby depriving him of his right to confront his accusers, guaranteed by the Sixth Amendment of the United States Constitution and Article 1, Section 10 of the Ohio Constitution?

2. Did the trial court err in depriving appellant of his right to due process and right to a fair trial by entering a judgment of conviction which was against the manifest weight of the evidence, in violation of the Fourteenth Amendment of the United States Constitution and Article 1, Section 16 of the Ohio Constitution?

3. Was the jury's affirmative finding that appellant committed the offenses is[sic] not supported by evidence sufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution?

4. Did Appellant's trial counsel err when he rendered ineffective assistance of counsel because his performance was deficient, and that deficient performance prejudiced appellant so as to deprive him of his right to due process and right to a fair trial?

5. Did the trial court err when it denied all of appellant's suppression motions, thereby denying him of his right to due process and right to a fair trial, in violation of the Fourth and Fourteenth Amendments of the United States Constitution ,and Article 1, Section 14 of the Ohio Constitution?

6. Did the trial court erred[sic] when it denied appellant's motion for mistrial?

7. Did the trial court erred[sic] when it entered the guilty verdicts despite the cumulative errors in the trial?

*Id.* at 207-224. The State of Ohio filed a memorandum in response to jurisdiction on January 20, 2016. *Id*. at 262-273.

On March 23, 2016, the Ohio Supreme Court declined to accept jurisdiction over Petitioner's appeal. ECF Dkt. #5-1 at 274.

### C. State Post-Conviction Petition

Meanwhile, on January 19, 2016, Petitioner, pro se, filed a petition to vacate or set aside the trial court's judgment and conviction. ECF Dkt. #5-1 at 275-288. He asserted that he was denied his Sixth Amendment right to the effective assistance of counsel because his counsel decided to

withhold his alibi witness. *Id*. at 277. On July 26, 2016, Petitioner, through counsel, filed a motion for summary judgment and Ohio Revised Code § 2953.21, moving the court to grant him summary judgment on his state post-conviction petition. *Id*. at 294.

On December 29, 2016, the trial court issued findings of fact and conclusions of law finding that Petitioner had the effective assistance of counsel during trial and dismissed Petitioner's petition for post-conviction relief without a hearing. ECF Dkt. #5-1 at 296-302.

On January 27, 2017, Petition, through counsel, filed a notice of appeal from the trial court's denial of his post-conviction relief petition. ECF Dkt. #5-1 at 303. In his appellate brief, Petitioner presented the following assignments of error:

> 1. Defendant was denied due process of law when the court signed the proposed findings of facts and conclusions of law submitted by the prosecuting attorney.
>
> 2. Defendant was denied due process [sic] law when the court overruled his post-conviction petition without at least an evidentiary hearing.

*Id.* at 322-331. The State of Ohio filed an appellate brief on March 24, 2017. *Id*. at 333-342.

On August 24, 2017, the Ohio appellate court affirmed the trial court's decision to deny Petitioner's post-conviction relief petition. ECF Dkt. #5-1 at 343-352. On September 1, 2017, Petitioner, through counsel, filed a motion for reconsideration in the Ohio appellate court. *Id*. at 354-360. On September 21, 2017, the trial court denied Petitioner's reconsideration motion. *Id*. at 361.

On October 30, 2017, Petitioner, through counsel, appealed the Ohio appellate court decision to the Ohio Supreme Court, presenting the following propositions of law:

> 1. A defendant has been denied due process of law when the court, without a hearing, overrules a post-conviction petition where the defendant produces evidence concerning ineffective assistance of trial.
>
> 2. A defendant has been denied due process of law when a court overrules a post-conviction petition based on proposed findings of fact and conclusions of law submitted by the prosecuting attorney.

ECF Dkt. #5-1 at 362-376.

On March 14, 2018, the Ohio Supreme Court declined to accept jurisdiction over Petitioner's appeal. ECF Dkt. #5-1 at 388.

## II.     28 U.S.C. § 2254 PETITION

On June 12, 2019, Petitioner, pro se, executed the instant petition for a writ of federal habeas corpus, which was filed with the Court on June 20, 2019. ECF Dkt. #1. Petitioner asserts the following grounds for relief:

> GROUND ONE:
>
> Denial of right to Confrontation under the Sixth and Fourteenth Amendments to the United States Constitution
>
> Supporting facts:
>
> The prosecution presented numerous witness statements that were admitted absent the right to cross-examinatio[sic] doing so through inadmissible law enforcement testimony where they[sic] actual speaker was not presented as a witness.
>
> GROUND TWO:
>
> Ineffective assistance of Counsel in violation of the Sixth and Fourteenth Amendemt[sic] of the United States Constitution.
>
> Supporting facts:
>
> Counsel failed to present evidence of the Petitioner's actual innocence in the form of an alibi witness as well as a witness who would have presented exculpatory testimonial evidence at trial. During closing argument, Counsel, who presented the Petitioner's actual innocence theory through trial which focused on the fact that the evidenc[sic] was insufficient to confirm the Petitioner's presence, stated that Petitioner was present at the time of the offense alleged despite the Petitioner's insistence that he was not present.
>
> GROUND THREE:
>
> Ineffective Assistance of Counsel in Failing to Present Alibi Witnesses.
>
> Supporting facts:
>
> The Petitioner informed counsel that he had several alibia[sic] witnesses and witnesses who could provide exculpatory testimony. Counsel did not investigate the witnesses nor did counsel present the witnesses at trial.
>
> GROUND FOUR:
>
> Ineffective Assistance of Counsel under Sixth and Fourteenth Amendments to the United States Constitution.
>
> Supporting facts:
>
> During closing arguments, defense counsel alleged that Mr. Jones was at the crime scene during the events at issue despite the fact that the Petitioner left the scene and it is not at all improbable that another similar looking vehicle arrived later when the

> actual shooting occurred. While several tips were given to police regarding the Petitioner being involved in the shooting, the video recording of the events at issue was not able to positively identify the shooter, although the video did show a single shooter.

ECF Dkt. #1. On September 6, 2019, Respondent filed a motion to dismiss Petitioner's instant § 2254 federal habeas corpus petition on the basis that it is untimely filed. ECF Dkt. #5. On September 27, 2019, Petitioner filed a response to the motion. ECF Dkt. #6.

### III.  PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant § 2254 federal habeas corpus petition is time-barred because, even accepting Petitioner's assertions, his petition was filed three months after the AEDPA period of limitations expired. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA period of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling only when a petitioner shows both that he has been pursuing his rights diligently and some extraordinary circumstance prevented his timely filing of the federal habeas corpus petition. *Hall v. Warden, Lebanon Correctl. Inst.* 662 F.3d 745, 749 (6th Cir. 2005), citing *Holland v. Florida,* 560 U.S. 631 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000); *Jurado*, 337 F.3d at 642. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). In order to succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513

U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should only be applied in the "extraordinary case." *Id.* at 321.

## IV.  ANALYSIS

### A.  PETITIONER'S "REPLY" TO RESPONDENT'S MOTION TO DISMISS (ECF DKT. #6)

In response to Respondent's motion to dismiss his § 2254 federal habeas corpus petition as untimely filed, Petitioner has filed a "Reply" and requests that the Court consider Respondent's motion to dismiss as a response to his § 2254 federal habeas corpus petition and forbid Respondent from filing any other responsive pleading, such as an answer to his petition. ECF Dkt. #6. The undersigned recommends that the Court consider Petitioner's captioned "Reply" as a response to the motion to dismiss and deny his request.

Courts have disagreed and continue to disagree over whether a respondent in a § 2254 federal habeas corpus case may file a motion to dismiss a federal habeas corpus petition on procedural grounds before filing an answer/return of writ and without the Court first instructing the respondent to do so. In *Scott v. Shoop*, 2019 WL 5222953 (S.D. Ohio Sept. 20, 2019), the respondent in a § 2254 federal habeas corpus case objected to a United States Magistrate Judge's standard Order to Answer which informed that a respondent could not file a motion to dismiss a federal habeas corpus petition in lieu of an answer, and if the respondent wished to raise an affirmative defense apart from a decision on the merits, a motion for judgment on the pleadings was the proper vehicle in which to do so, and could be done only after the answer was filed. The Report and Recommendation was affirmed by the United States District Court for the Southern District of Ohio after no objections were filed. *See* 2019 WL 5209156, at *1 (S.D. Ohio Oct. 16, 2019).

The Magistrate Judge in *Scott* addressed the language from Advisory Committee Notes to the 2004 Amendments to Rules 4 and 5 Governing Section 2254 Cases ("Federal Habeas Rules") and held that the decision as to whether the respondent should file an answer, a motion to dismiss,

-9-

or a motion to transfer is left to the Court, and not to Respondent or his counsel. *Scott*, 2019 WL 5222953, at *2). The Advisory Committee Notes to the 2004 Amendments to Rule 4 of the Federal Habeas Rules indicate that its amendment "reflects that the response to a habeas petition may be a motion." 2004 Amendments to Rule 4 of Federal Habeas Rules. In the comments labeled "Changes Made After Publication and Comments," it states that "The Rule was modified slightly to reflect the view of some commentators that it is common practice in some districts for the government to file a pre-answer motion to dismiss." The *Scott* Magistrate Judge noted that his standard Order to Answer in federal habeas cases specifically informed that the Order did not authorize the respondent to file a motion to dismiss in lieu of an answer and a respondent can file a motion for judgment on the pleadings after filing the answer if he or she wished to obtain a determination of an affirmative defense apart from a decision on the merits. *Id.* at *1.

Courts in this District and the Sixth Circuit have routinely considered, granted and affirmed recommendations granting motions to dismiss in § 2254 federal habeas corpus cases that were filed by respondents before an answer/return of writ and without a court order first authorizing the filing of such a motion. *See Perkins v. Turner*, No. 17-3140, 2018 WL 3812811 (6th Cir. May 15, 2018) unpublished (denying application for certificate of appealability of petitioner's federal habeas corpus petition that was filed based upon district court adopting magistrate judge's report and recommendation to grant respondent's motion to dismiss the petition as untimely filed in *Perkins v. Turner*, 3:16CV627, 2016 WL 7364707 (N.D. Ohio Nov. 3, 2016), unpublished; *Alston v. Erdos*, No. 1:19CV752, 2019 WL 6727434 (N.D. Ohio Dec. 11, 2019), adopting 2019 WL 6732321 (N.D. Ohio Oct. 22, 2019)(Report and Recommendation that Court grant the respondent's motion to dismiss § 2254 federal habeas corpus petition based upon untimely filing); *Massey v. Sloan*, No. 1:18CV1759, 2019 WL 5540500 (N.D. Ohio Oct. 28, 2019)(Judge Helmick overruled objections to Magistrate Judge's Report and Recommendation and adopted Report and Recommendation to grant the respondent's motion to dismiss the petitioner's § 2254 federal habeas corpus petition as untimely filed).

Moreover, unlike the Magistrate Judge's Order in *Scott*, the undersigned's standard Order issued in this case and in all other § 2254 federal habeas corpus cases does not contain the language notifying respondents that the Order does not authorize the filing of a motion to dismiss in lieu of an answer. ECF Dkt. #3.

For these reasons, the undersigned recommends that the Court deny Petitioner's request to forbid Respondent from filing any other responsive pleading to his § 2254 federal habeas corpus petition. In any event, allowing Respondent to file any other response to the instant federal habeas corpus petition is unnecessary because the undersigned recommends that the Court GRANT Respondent's motion to dismiss. ECF Dkt. #5.

### B.    AEDPA STATUTE OF LIMITATIONS

In his motion to dismiss, Respondent asserts that Petitioner has untimely filed his instant § 2254 federal habeas corpus petition because he could have readily discovered the issues that he presents in each of his Grounds for Relief with a minimum amount of diligence before he completed his direct appeal. ECF Dkt. #5 at 12-13. The undersigned agrees with Respondent and recommends that the Court find that Petitioner has untimely filed his instant § 2254 federal habeas corpus petition as to all of his Grounds for Relief.

In Ground for Relief Number 1, Petitioner argues that his constitutional rights were violated when witness statements were presented at trial by the prosecution without his right to cross-examine those witnesses because the statements were presented through inadmissible law enforcement testimony. ECF Dkt. #1 at 5. In Grounds for Relief Numbers 2, 3, and 4, Petitioner asserts that trial counsel was ineffective when he failed to investigate and present the testimony of alibi witnesses and stated in closing argument that Petitioner was present at the crime scene, when his defense throughout the trial was his actual innocence based upon insufficient evidence to show that he was present at the time of the offense. *Id*. at 7-10. In his accompanying memorandum in support of his § 2254 federal habeas corpus petition, Petitioner presented the following arguments as to his Grounds for Relief: Ohio court errors in denying his ineffective assistance of counsel claims for failing to investigate and present alibi witnesses; Ohio court errors in denying that he had presented new evidence in the form of several alibi witnesses that his counsel failed to present at trial due to his failure to investigate and obtain witness testimony showing Petitioner's actual

-11-

innocence; and ineffective assistance of counsel when his counsel admitted that he was guilty at trial in violation of *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018) by alleging in closing argument that Petitioner was at the crime scene despite the fact that Petitioner left the crime scene when the defense theory was innocence because he was not at the crime scene. ECF Dkt. #1-1 at 17-32.

Petitioner presented each of these assertions in some form to the Ohio appellate court on direct appeal. ECF Dkt. #5-1 at 125-127. The Ohio appellate court issued a decision on November 12, 2015, and Petitioner appealed to the Supreme Court of Ohio, who declined jurisdiction on March 23, 2016. *Id*. at 168-204, 205-224, 274. Petitioner then had 90 days in which to file for a writ of certiorari in the United States Supreme Court, which he did not, so his conviction became "final" for calculating the AEDPA period of limitations upon expiration of that 90 days, or on June 21, 2016. *Lawrence v. Florida*, 549 U.S. 327, 333, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007); *Bronaugh*, 235 F.3d at 285. The AEDPA period of limitation began running the day after, or on June 22, 2016, and ended one year later, on June 22, 2017, absent any tolling. *Id*.; Fed. R. Civ. P. 6(a).

Petitioner had filed a petition to vacate or set aside the judgment of conviction pursuant to ORC § 2953.21 in state court on January 19, 2016, while his appeal to the Ohio Supreme Court was pending on his direct appeal. ECF Dkt. #5-1 at 205-261. Petitioner appealed the rulings as to his state post-conviction relief petition up to the Ohio Supreme Court, who ultimately declined jurisdiction over the appeal on March 14, 2018. *Id*. at 275-388. The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado*, 337 F.3d at 640; *see* 28 U.S.C. §2244(d)(2). Accordingly, the time that Petitioner had in which to file his § 2254 federal habeas corpus petition was tolled until March 14, 2018. The AEDPA period of limitations began running the next day, or on March 15, 2018, and expired on March 15, 2019.

Petitioner did not file the instant § 2254 federal habeas corpus petition until June 12, 2019, a little over three months after it was due. ECF Dkt. #1. Consequently, the undersigned recommends that the Court find that Petitioner untimely filed his instant § 2254 federal habeas corpus petition.

### C. EQUITABLE TOLLING

Moreover, the undersigned recommends that the Court find that Petitioner has failed to show that he is entitled to equitable tolling of the AEDPA period of limitations. Petitioner asserts that he meets the requirements for equitable tolling under *Holland* because he filed his post-conviction motion with due diligence in the state courts and he was not properly informed of the filing deadline for filing a § 2254 federal habeas corpus petition. ECF Dkt. #1-1 at 17. He additionally contends that his ineffective assistance of counsel claim is based upon new case law because his counsel admitted Petitioner's guilt at trial, like in *McCoy v. Louisiana*, 138 S.Ct. 150 (2018), and he is therefore entitled to equitable tolling. *Id*. at 17.

The undersigned finds that Petitioner does not meet the requirements of the *Holland* test for establishing his entitlement to equitable tolling. Even if he diligently pursued his state post-conviction petition, he did not diligently file his instant § 2254 federal habeas corpus petition. The Ohio Supreme Court dismissed the appeal of his state post-conviction petition on March 14, 2018, and Petitioner did not file his § 2254 federal habeas corpus petition until June 12, 2019, a year and three months later, even though he indicated that the issues in his state post-conviction relief petition were the same as those in his § 2254 federal habeas corpus petition. ECF Dkt. #1.

Petitioner acknowledges in his memorandum in support of his § 2254 federal habeas corpus petition that "[t]he principles of equitable tolling do not extent to 'garden variety' claims of excusable neglect on the part of a litigant's attorney." ECF Dkt. #1-1 at 15, citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). He asserts that he is entitled to equitable tolling of his § 2254 federal habeas corpus petition because he "was not properly informed of the filing deadline for a 2254 and failure to timely file was beyond the Petitioner's control." ECF Dkt. #1-1 at 17. Petitioner does not appear to assert that his counsel failed to inform him of the filing deadline for his § 2254 federal habeas corpus petition. *Id.* However, "[i]nexperience in the law and ignorance of the law are not extraordinary circumstances which warrant equitable tolling." *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005). Even if Petitioner does assert that his counsel failed to inform him of the deadline, "'an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable

-13-

tolling.'" *Granados v. Cook*, Case No. 2:16CV879, 2016 WL 4991690, at *2 (S.D. Ohio Sept. 19, 2016), unpublished, quoting *Elliott v. Dewitt*, No. 00-3329, 2001 WL 523527, at *2 (6th Cir. May 8, 2001) (citations omitted).

For these reasons, the undersigned recommends that the Court find that Petitioner's failure to timely file his § 2254 federal habeas corpus petition is not based on extraordinary circumstances and does not warrant equitable tolling of the AEDPA period of limitations.

Petitioner also asserts that the relatively newly decided case of *McCoy v. Louisana*, 138 S.Ct. 1500, which was decided on May 14, 2018, justifies his filing of an untimely § 2254 federal habeas corpus petition. ECF Dkt. #1-1 at 17. He submits that since the *McCoy* decision was issued less than a year ago when he filed his instant § 2254 federal habeas corpus petition, the Court must consider this issue to be timely filed and a decision on this claim on the merits is justified. *Id.* Petitioner asserts that his trial counsel conceded his guilt by alleging during closing argument that Petitioner was at the crime scene during the events at issue, even though Petitioner left the crime scene and it was possible that another similar vehicle arrived later when the actual shooting occurred. *Id.* at 31. Petitioner contends that counsel's statement that he was at the scene "derailed" his defense that was based on innocence and the fact that he was not present at the scene. *Id*.

As Respondent indicates, and the undersigned acknowledges, a review of defense counsel's closing argument at Petitioner's state trial does not reveal any admission or concession of Petitioner's guilt or presence at the scene when the shooting occurred. In fact, trial counsel is very careful to tell the jury that he is not conceding anything. He specifically states at the beginning of his closing argument, "I'm not conceding Brandon Jones was on any of those videos, in a car, shooting, nothing. I'm not conceding it, but I'm going to talk about it all." ECF Dkt. #5-10 at 20-21. He then states that he was going to assume that the State of Ohio showed the Petitioner shot the gun, for argument's sake only, so that he could make his point that the elements of aggravated murder were not met. *Id*. at 20. He continues to state that he was not acknowledging that Petitioner was at the scene or the shooter when he carefully states, "Then you've got a car coming back to the apartment that allegedly contains the shooter, who gets out." *Id.* at 22. After discussing the lack of a case to convict on aggravated murder, Petitioner's defense counsel tells the jury, "[w]ith regard to the case itself, the state hasn't proven beyond a reasonable doubt that Brandon Jones was the

-14-

person in these videos, was the person that made this shot." *Id.* at 24. He then calls attention to the graininess of the video of the car and shooting and points out that it cannot be established whether the car was a car or a SUV and even one of the witnesses who testified could not identify herself on the video because of its poor quality. *Id.* at 30-32. Defense counsel goes on to discuss the witnesses and discredits them, and then ends his closing by saying that reasonable doubt exists in order to convict Petitioner because there are holes in the evidence based upon the way it was gathered and handles, the unreliability of the witnesses, and the lack of any evidence as to the location of Petitioner based upon his cell phone range. *Id.* at 32-55. The undersigned finds no admission or concession of Petitioner's guilt in his defense counsel's closing argument at trial.

Consequently, the undersigned recommends that the Court find that Petitioner is not entitled to the equitable tolling of his § 2254 federal habeas corpus petition based upon *McCoy*.

### D. ACTUAL INNOCENCE

Petitioner also asserts that he is actually innocent of the crimes for which he was found guilty. ECF Dkt. #1-1 at 16-17. The actual innocence doctrine applies in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). This exception allows the Court to consider federal habeas corpus petitions which would otherwise be barred from review because they were not timely filed. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir.2005). In order to establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). For an actual innocence exception to be credible, a habeas petitioner is required to support his allegations of constitutional error "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324; *Souter*, 395 F.3d at 590. Actual innocence means factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Souter*, 395 F.3d at 590.

Petitioner asserts his actual innocence in the context of the ineffective assistance of trial counsel claims that he raised in Grounds for Relief Numbers 2 and 3. ECF Dkt. #1 at 7-9; ECF Dkt.

#1-1 at 23-26. He asserts that his trial counsel failed to present evidence of his innocence in the form of alibi witnesses and exculpatory evidence that Petitioner provided. ECF Dkt. #1 at 7-9. However, the only alibi witness that Petitioner specifically identifies in his § 2254 federal habeas corpus petition and supporting memorandum is Nicole Taylor, his child's mother, who he contends would have proffered that Petitioner was with her from 10:30 p.m. on the night of the shooting, until 6:30 a.m. the next morning. *Id.*

The undersigned notes that Petitioner presented this affidavit of Ms. Taylor to the trial court with his state post-conviction motion. ECF Dkt. #5-1 at 277-279, 282-284. He also attached an affidavit from his mother, Naomi Jones, who indicated that she hired Petitioner's trial counsel to defend and she witnesses counsel tell Petitioner that no witnesses were needed because the State of Ohio did not have a case. *Id.* at 285. He further attached an affidavit from Milan Wilder, a friend of Petitioner, who indicated that he had a telephone conversation with Petitioner in 2014 and Petitioner told him that his lawyer was going to call alibi witnesses to the stand, but he did not do so. *Id.* at 286. The affidavit of LaKeisha Key was also attached, and she attested that she was Petitioner's girlfriend and was making payments to Petitioner's counsel to make sure that he was doing his job correctly and she was aware of the alibi witnesses that were to be called but they never were. *Id.* at 287.

In denying the petition for post-conviction relief, the trial court noted in its decision Petitioner's assertion of ineffective assistance of counsel and the affidavits that Petitioner attached to his petition, including that of Ms. Taylor. ECF Dkt. #5-1 at 297. The court found that the testimony of witnesses at the trial refuted Ms. Taylor's affidavit contention that Petitioner was in her presence and at her home during and after the shooting. *Id.* The trial court cited to testimony at trial by several witnesses that placed Petitioner at the scene of the shooting, video surveillance showing someone dressed like Petitioner was earlier that day, and the statement of the victim identifying Petitioner as the person who shot him. *Id.* The court also noted testimony at trial regarding cell phone usage by Petitioner which placed him within one or two miles of the location of the shooting at times before and just after the shooting. *Id.* The court concluded that the affidavits offered by Petitioner were unsupportable and unreliable based upon the "multitude of contrary evidence elicited at trial which completely refutes the purported alibi affidavit. Further,

there is no evidence that the alibi witness had actually come forward prior to trial given the lack of any information provided to the court or to the State." *Id*. at 301. The trial court further found that even if Ms. Taylor did come forward before trial, defense counsel would still not be ineffective for not calling her at trial because her alibi statements were highly suspect due to the overwhelming evidence offered as to Petitioner's location at the times in question on the night of the shooting. *Id.* The court reasoned that since the affidavits were negated by the overwhelming evidence presented at trial, defense counsel did not perform deficiently by failing to call the witnesses at trial. *Id*.

Upon appeal, the Ohio appellate court upheld the trial court's ruling. ECF Dkt. #5-1 at 348-349. The court held that it could be considered trial strategy for counsel not to call witnesses because the testimony may undermine the defense. *Id*. at 348. The court found that:

> This case exemplifies that point. At trial, several eyewitnesses identified Jones as the attacker, including the victim. The alibi witness Jones would have called to testify at trial was his then significant other, who would have claimed that Jones was elsewhere at the time of the crimes. A reasonable attorney may have concluded, as in *Hostacky*, that the witness's testimony was so self-serving that the jury could have concluded that the defense fabricated the story, thereby undermining the defense's case in general. Further, cell phone records placed Jones in or around the area of the crime and contradicted the alleged alibi witness's claim that she saw Jones making calls on his phone around the time of the crime. Jones ignored the impact the trial evidence had on the alleged alibi, but that impact must be considered in determining whether trial counsel's performance fell below the applicable standard. Id. at ¶ 14. The trial court did not abuse its discretion in concluding that Jones failed to allege substantive grounds for relief.

*Id.* at 349.

The undersigned recommends that the Court find that Petitioner has failed to show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt if all of the evidence, including Ms. Taylor's affidavit and her testimony, were presented at trial. *Schlup*, 513 at 327. The state courts reviewed the evidence presented at trial, including the victim's identification of Petitioner as the person who shot him, the heated argument that Petitioner had with the victim and a death threat before the shooting, video footage of a person dressed in the same clothing that three witnesses described Petitioner as wearing earlier in the day, and cell phone evidence placing him near the crime scene just before and after the shooting. Those courts found the evidence overwhelming and they found that Ms. Taylor's affidavit may be self-serving and lacking in credibility because it was so contrary to the evidence presented and she could be seen as having financial and emotional motives for keeping Petitioner out of prison because she is the

mother of Petitioner's child and was his significant other at the time of the trial. *Id*. at 349. The undersigned recommends that the Court find that Ms. Taylor's affidavit and testimony consistent with that affidavit does not establish Petitioner's actual innocence when considered with the rest of the evidence that was presented at trial.

## V.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss and dismiss Petitioner's instant § 2254 federal habeas corpus petition in its entirety with prejudice as untimely filed. ECF Dkt. #1.


DATE:   February 20, 2020                */s/ George J. Limbert*
                                          GEORGE J. LIMBERT
                                          UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).