UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brandon Jones,  Case No. 1:19-cv-1429

    Petitioner,

v.  ORDER

Harold May, Warden,[1]

    Respondent.

Before me is the February 20, 2020 Report and Recommendation of Magistrate Judge George J. Limbert, (Doc. No. 7), recommending I conclude the claims of pro se Petitioner Brandon Jones are time-barred and that I grant Respondent's motion to dismiss Jones' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 5). Judge Limbert determined the one-year statute of limitations expired on March 15, 2019, and Jones did not file his petition until June 12, 2019. (Doc. No. 7 at 12).

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981). The 14-day period may be extended for good cause. *See* Fed. R. Civ. P. 6(b); Loc. R. 72.3(b).

The fourteen-day period elapsed on March 9, 2020. *See* Fed. R. Civ. P. 6(d) (Three days are added to the time in which a party must act if service is made by mail), and Fed. R. Civ. P. 6(a)(1)(C) (If a time period set by statute or court order ends on a Saturday, Sunday, or legal holiday, the time

---

[1] Harold May is the current warden at the Toledo Correctional Institution. *See* Fed. R. Civ. P. 25(d).

period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.). Jones did not file any objections until May 29, 2020 – nearly three months after the deadline passed. (Doc. No. 8).

Further, Jones did not acknowledge that his objections were late, much less provide good cause to justify his late filing. Therefore, his filings do not constitute valid objections and I will not consider them. *See, e.g., Bosley v. 21 MFMJ,* No. 4:04-CV-2529, 2006 WL 903210, at *3 (N.D. Ohio Apr. 7, 2006), *aff'd sub nom. Bosley v. 21 WFMJ Television, Inc.,* 245 F. App'x 445 (6th Cir. 2007).

The failure to file written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also Walters,* 638 F.2d at 950 (6th Cir. 1981); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("only those specific objections to the magistrate's report made to the district court will be preserved for appellate review").

Following review of the Magistrate Judge's Report and Recommendation, I adopt the Report and Recommendation, (Doc. No. 7), in its entirety as the Order of the Court, and grant Respondent's motion to dismiss Jones' petition as untimely. (Doc. No. 5). Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
